**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANDREA RIFE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | No. 08-2239-KHV |
| ) | |
| **AVENTIS PHARMACEUTICALS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff, a citizen of Kansas, filed suit against Aventis Pharmaceuticals, Inc., Sanofi-Aventis U.S., LLC and Sanofi-Aventis U.S., Inc., for products liability, negligence, breach of warranty, fraudulent and negligent misrepresentation and violation of the Kansas Consumer Protection Act, K.S.A. § 50-623 et seq. Plaintiff's sole basis for subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332. See Complaint (Doc. #1) filed May 22, 2008 ¶ 7. Section 1332 requires complete diversity between all plaintiffs and all defendants. See Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). On July 3, 2008, the Court ordered plaintiff to show good cause why this action should not be dismissed for lack of subject matter jurisdiction. This matter is before the Court on Plaintiff's Response To Order To Show Cause (Doc. #11) and Plaintiff's Motion For Leave To File First Amended Complaint (Doc. #10) both filed July 14, 2008. For reasons set forth below, the Court finds that plaintiff's motion for leave to file an amended complaint should be sustained.

Under Section 1332, a corporation is deemed to be a citizen of the state in which it is incorporated and the state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1). The complaint alleges that Sanofi-Aventis U.S., LLC is a Delaware corporation with its principle

place of business in New Jersey. For purposes of diversity jurisdiction, however, a limited liability company is considered a citizen of each state of which its members are citizens. See Birdsong v. Westglen Endoscopy Ctr., LLC, 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); see also Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (in every circuit to consider issue, citizenship of LLC determined by citizenship of members). In the order to show cause, the Court noted that plaintiff does not allege the citizenship of each member of Sanofi-Aventis U.S., LLC.

In response to the order to show cause, plaintiff notes that she has filed a motion to amend the complaint to allege that Sanofi-Aventis U.S., LLC does not have any members who have citizenship within the State of Kansas. Leave to amend is a matter committed to the sound discretion of the district court. See First City Bank. N.A. v. Air Capitol Aircraft Sales, Inc., 820 F.2d 1127 (10th Cir. 1987). Absent flagrant abuse, bad faith, futility of amendment or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend. See Lange v. Cigna Individual Fin. Servs. Co., 759 F. Supp. 764, 769 (D. Kan. 1991). Because plaintiff's proposed amended complaint sufficiently alleges complete diversity of citizenship, the Court finds that her motion to amend should be sustained.

**IT IS THEREFORE ORDERED** that plaintiff has shown good cause why the Court should not dismiss this action for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File First Amended Complaint (Doc. #10) filed July 14, 2008 be and hereby is **SUSTAINED**. Plaintiff is directed to

file the First Amended Complaint on or before August 5, 2008.

Dated this 31st day of July, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
